**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4628
_____

HACER CAKMAKCI,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097 521 211)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2010
BEFORE:  SCIRICA, <u>Chief</u> <u>Judge</u>, SMITH and WEIS, <u>Circuit Judges</u>

(Opinion Filed: April 15, 2010)
_____

OPINION
_____

PER CURIAM.

Hacer Cakmakci has filed a petition for review of an order of the Board of

Immigration Appeals ("BIA" or "Board") denying her motion to reopen her removal

proceedings.  For the reasons that follow, we will deny the petition for review.

1

Cakmakci is a native and citizen of Turkey who arrived in the United States in April 2005 without valid travel documents. She was charged with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I). She appeared before the Immigration Judge ("IJ") without counsel and received repeated continuances of her hearing date for the purpose of obtaining attorney representation. The IJ instructed Cakmakci regarding her right to present evidence and question any witnesses, and granted further continuances. The IJ held an evidentiary hearing on April 19, 2006 and heard closing arguments on May 9, 2006. Cakmakci proceeded pro se and presented her own testimony in support of her claims.

The IJ found her to be not credible, denied all relief, and ordered Cakmakci's removal. Cakmakci appealed through counsel, arguing that the IJ had failed to consider whether Cakmakci was competent to face removal proceedings and to participate in the merits hearing, and that the IJ violated her due process rights because Cakmakci lacked sufficient mental capacity to participate. On May 12, 2008, the BIA dismissed the appeal, affirming and adopting the IJ's decision. The BIA noted that no appellate brief was filed, and no documentary evidence was submitted to support the new claim of mental incompetence. The BIA also concurred with the IJ's determination that, even if credible, Cakmakci failed to meet her burden of proof for her claims.

On June 11, 2008, Cakmakci filed a pro se motion to reconsider and reopen,

arguing that counsel on appeal was ineffective in failing to file a brief and submit documentation, that she had difficulty obtaining counsel, that she suffered physical and emotional injuries from a car accident, and that she was unable to present her story at the hearing due to the tremendous pressure. In support of the motion, Cakmakci submitted documents, including medical and psychiatric records, and letters indicating that she was pursuing official grievances against former counsel. On October 31, 2008, the BIA construed the motion as a motion to reopen and denied it. The BIA concluded that, aside from the issue of whether Cakmakci met the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), regarding her ineffective assistance claim, Cakmakci had presented nothing to establish her prima facie eligibility for asylum, withholding of removal, or CAT relief if her proceedings were reopened. This petition for review followed.

We have jurisdiction to review the BIA's denial of Cakmakci's motion to reopen under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Thus, to succeed on her petition for review, Cakmakci must show that the Board's decision was somehow arbitrary, irrational, or contrary to law. See id.

In a motion to reopen removal proceedings, the alien must proffer "new facts to be proven at a hearing to be held if the motion is granted," and the motion "shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). A

motion to reopen proceedings "shall not be granted" unless it appears to the Board that the evidence offered "is material and was not available and could not have been discovered or presented at the former hearing." Id. The Board may deny a motion to reopen proceedings on any of these grounds: (1) it may hold that the alien has failed to establish a prima facie case for the underlying substantive relief; (2) it may conclude that the alien has failed to introduce previously unavailable and material evidence; and (3) if the underlying substantive relief is discretionary, it may decline to consider the first two threshold requirements and, instead, determine that the alien would not be entitled to the requested discretionary grant of relief. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992) (citing Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 104-05 (1988)). "As a general rule, motions to reopen are granted only under compelling circumstances." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).

Cakmakci argues that the BIA and the IJ erred in failing to address whether she was prejudiced by proceeding pro se at the hearing, given that she was mentally and physically ill at the time of the hearing. However, Cakmakci did not file a timely petition for review of the BIA's May 12, 2008 decision, and we lack jurisdiction to review the BIA's disposition of her due process claim and claim of incompetence at the hearing. See 8 U.S.C. § 1252(b)(1); Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995). As for Cakmakci's arguments concerning counsel on appeal, we conclude that the BIA did not abuse its discretion in denying the motion to reopen, even assuming that

4

counsel was ineffective, because Cakmakci offered no evidence in her motion showing prima facie eligibility for relief if her case were reopened. Although she stated in her motion that she was unable to relate her story fully during the hearing before the IJ, and that "if given another opportunity [she] will be able to present a better case," Cakmakci provided no additional information as to what her new supporting testimony or evidence would be.[1] The Board's reasons for denying the motion to reopen were not arbitrary, capricious or contrary to law.

We will deny the petition for review.

---

[1] As noted by the BIA in its October 31, 2008 decision, the BIA held in its May 12, 2008 decision that, even assuming that Cakmakci's testimony was credible, she did not meet her burden of showing past persecution or a well-founded fear of future persecution in Turkey; her claim was not based on a protected ground.